The opinion of the court was delivered by
Gibson, J.
Whether Summers, the witness, if we were to grant that he would be liable to the defendant for whatever might be recovered in this suit, would be equally liable to the plaintiff in a. new suit, in case of failure in this, and thus stand indifferent in interest, it is Unnecessary to decide, as it is perfectly clear on the ground assumed by the plaintiff himself, and on which alone he can in any event recover, that the money paid over to the witness can never be recovered back by the defendant. A principal is undoubtedly bound to compensate losses suffered by his agent in consequence of acts honestly done in the course pf the agency. But here the money received by the agent was actually paid over to his principalbefore notice; which is sufficient for his protection if the relation of principal and agent existed for a fair purpose; and the plaintiff is, therefore, put to the n.ecessityof proving it to have been fraudulent. But it is impossible to do that without at the same time proving a collusion, between the defendant, the agent, and the witness, his principal; in which result the contract of agency being shown to have been founded on fraud, would afford no party to it a remedy; neither would the law, from a consideration so base, raise an assumpsit in favour of the defendant. So that the case presents this dilemma: If the money were fairly received by the defendant, he cannot, after having paid it over without notice, be successfully called on by the plaintiff; and if fraudulently, he cannot call on the witness. The only imaginable ground of interest that could exist would be a possibility that the defendant, after a recovery against him on the ground of fraud, might nevertheless be able to' make out a case' against the witness, by proving that the agency and all the transactions in the course of it, were perfectly fair. But such a graceless assumption on the part of the plaintiff, ás that of a right to treat the agency as fraudulent for the purpose of sustaining the action; and as fair, for the purpose of excluding the only witness who could show the truth of the case, would rest on the ground of an interest merely contingent, which does not go to competency. By his own showing the transaction was fraudulent; and as against himself it, must betaken to have been so. The witness, therefore, ought to have been received.
With respect to the direction of the court, it is necessaiy to say no more than that the cause was put to the jury on the ground of fraud; and nothing is more clear than that if the intervention of *445 the defendant were with a view to procure payment of the note after he knew it had been already paid, he could not insist .on being treated as an agent; but would have to refund, whether the money thus wrongfully received were paid over or not. In this part of the record, therefore, there is no error; but on the first exception the judgment is reversed.
Judgment reversed, and a venire facias de novo awarded.